# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

JIHAD ANTHONY ZOGHEIB,

    Plaintiff,

v.

U.S. BANCORP, *et al.*,

    Defendants.

2:05-cv-01354-JCM-LRL

**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO ENFORCE STIPULATION AND ORDER FOR DISMISSAL WITH PREJUDICE (#15)**

# REPORT & RECOMMENDATION

    Before the court is defendant U.S. Bank National Association's ("US Bank") Motion to Enforce Stipulation and Order for Dismissal with Prejudice (#15). The court has considered the motion, plaintiff's Opposition (#17), US Bank's Reply (#18), and the testimony, other evidence, and arguments presented at the hearing on October 3, 2006.

## BACKGROUND

    On or about August 20, 2005, shortly before the statute of limitations would have expired, plaintiff retained Harold Gewerter and Stephen Kopolow to file an action in state court against US Bank and Coast Hotels & Casinos. On August 29, 2005, plaintiff filed an amended complaint which set forth causes of action for assault, battery, false imprisonment, kidnapping and intentional infliction of emotional distress, caused by US Bank security personnel when they allegedly handcuffed plaintiff on August 26, 2003 in an effort to collect certain monies plaintiff owed to US Bank.[1] On October 7, 2005,

---

[1] On February 15, 2005, the FBI filed a criminal complaint in federal court charging plaintiff with bank fraud in violation of 18 U.S.C. § 1344, in connection with a scheme to defraud US Bank of more than $900,000 during a three-month period in 2003. An arrest warrant was issued, and on February 25, 2005, plaintiff was arrested on the warrant. On March 3, 2005, he was ordered detained without bail pending trial as a serious risk of non-appearance. On July 6, 2005, the federal grand jury indicted plaintiff on charges of bank fraud and money laundering. On June 12,

plaintiff voluntarily dismissed the case against Coast Hotels & Casinos. On November 16, 2005, US Bank timely removed the action to this court.

On March 10, 2006, defendant US Bank and plaintiff, by and through Mr. Gewerter, filed a Stipulation and Order for Dismissal with Prejudice (#12). Four days later, on March 14, 2006, Messrs. Gewerter and Kopolow, as attorneys for plaintiff, filed a Notice of Withdrawal of Stipulation and Order of Dismissal with Prejudice and Motion to Withdraw as Attorneys of Record for Plaintiff (#13). In the Notice of Withdrawal, counsel requested that the court "not approve and file" the stipulation for dismissal. Counsel stated that although plaintiff had expressly authorized them to dismiss the case, plaintiff informed counsel three days after the dismissal was filed that he "did not wish to dismiss this case and that he had not authorized" counsel to do so. Because the court had not yet "approved and filed" the stipulation for dismissal, counsel asked the court simply to withdraw it. Counsel also requested that they be allowed to withdraw as plaintiff's attorneys of record. On March 20, 2006, U.S. District Judge James C. Mahan issued an order (#14) without comment, granting both the request to withdraw the stipulation for dismissal and the motion to withdraw as counsel of record.

On March 21, 2006, defendant US Bank filed a Motion to Enforce Stipulation and Order for Dismissal with Prejudice (#15), which is the matter currently before the court. US Bank contends that the stipulation for dismissal (#12) that was filed on March 10, 2006 was a voluntary dismissal within the meaning of Fed.R.Civ.P. 41(a)(1)(ii), which provides, in pertinent part, that "an action may be dismissed by the plaintiff *without order of court* ... by filing a stipulation of dismissal signed by all parties who have appeared in the action." (Emphasis added.) According to US Bank, under Rule 41(a)(1)(ii) this case was officially dismissed with prejudice on March 10, 2006 when the stipulation was filed; the court's approval was not required. US Bank contends that in order to set aside the dismissal plaintiff was required to file a motion under Rule 60(b), in which event US Bank would have

---

2006, plaintiff pled guilty to one count of bank fraud, a violation of 18 U.S.C. § 1344. On November 30, 2006, he was sentenced to imprisonment for a term of 37 months. He has been in custody continuously since his arrest on February 25, 2005. *See* 2:05-cr-00259-BES-RJJ. Hence, plaintiff was in federal custody at all times material to the issue before this court.

had an opportunity to respond. Instead, the stipulation for dismissal was set aside or withdrawn merely upon the unilateral request of plaintiff without US Bank having been afforded the opportunity to be heard. US Bank therefore seeks an order "enforcing the Stipulation and Order for Dismissal with Prejudice" (#12). In effect, US Bank asks the court to rescind its order (#14) granting plaintiff's request to withdraw the stipulation.

In his Opposition (#17), plaintiff, who now appears in proper person, denies that he authorized his attorneys to dismiss this case, or that he ever intended to do so. He denies even speaking with them about a dismissal. He flatly contradicts the representations made by his former attorneys in their Notice of Withdrawal of Stipulation and Order of Dismissal with Prejudice (#13). He acknowledges that on March 10, 2006, US Bank's attorney e-mailed a stipulation for dismissal to his attorneys, together with a request that plaintiff sign a release. He also acknowledges that in a follow-up e-mail to his attorneys on March 14, 2006, US Bank's counsel again requested that plaintiff sign a release. As proof, however, that he did not agree to dismiss this case plaintiff notes that he did not sign the release. His position, therefore, is that his lawyers had no authority to dismiss this case, and that the order withdrawing the stipulation to dismiss should stand.

In its Reply (#18), US Bank contends that plaintiff's refusal to sign a release is legally irrelevant: a voluntary dismissal under Rule 41(a)(1)(ii) requires only the filing of a stipulation signed by the parties. The stipulation to dismiss the case with prejudice was signed by Mr. Gewerter, who was plaintiff's counsel, and Denise Barton, who is counsel for US Bank. US Bank maintains that pursuant to Rule 41(a)(1)(ii) this case was formally dismissed at the moment the stipulation was filed; the court's approval was not required. According to US Bank, the only procedural device available for setting aside the dismissal was a motion under Rule 60(b), which plaintiff did not file. US Bank therefore contends that the stipulation for dismissal should be reinstated.

*The Evidence*

In an effort to resolve the conflicting stories of plaintiff and his former attorneys, the court conducted an evidentiary hearing on October 3, 2006. Plaintiff appeared in proper person. Ms. Barton

1   and Akke Levin appeared for US Bank. Also appearing at the court's request were plaintiff's former
2   counsel, Mr. Gewerter and Mr. Kopolow. Plaintiff and Mr. Gewerter testified under oath.

3   Plaintiff testified that at no time did he authorize Mr. Gewerter to dismiss this case. Mr.
4   Gewerter agreed to represent plaintiff for an initial retainer of $10,000, the first half of which was paid
5   by plaintiff's wife on August 25, 2005. During the fall of 2005, Mr. Gewerter fell ill, and was unable
6   to attend to his law practice for several months. On November 10, 2005, plaintiff's wife paid the $5,000
7   balance on the retainer. In March, 2006, plaintiff received a copy of the dismissal papers, and was
8   surprised. He called Mr. Gewerter and objected to the dismissal. In response to the court's question
9   whether, after the second $5,000 payment was made, Mr. Gewerter ever told plaintiff he had no case,
10  plaintiff testified, "No. If he had, I would not have made the second payment." Plaintiff added, "After
11  I received the dismissal I called Mr. Gewerter. I asked him what's going on. Mr. Gewerter said, 'I'm
12  trying to simplify your life, Anthony. You don't have a case. Go on and finish up your time. I'm
13  dismissing your case.'"

14  Mr. Gewerter's version was quite different. He testified that on the day after the alleged
15  handcuffing incident in August, 2003, plaintiff told him what had happened. Almost two years later,
16  when the statute of limitations was about to expire, plaintiff sought Mr. Gewerter's services to bring
17  suit against US Bank. Plaintiff offered a different account of what had occurred. Mr. Gewerter testified
18  that he reminded plaintiff of the account he had given two years earlier, and warned plaintiff not to lie
19  to him, to which, oddly, plaintiff responded in the courtroom: "When I saw you in 2005, you didn't tell
20  me not to lie to you; if you had, I wouldn't have hired you."

21  Mr. Gewerter testified that at the end of December, 2005, when he had recovered sufficiently
22  from his illness to be able to work again, he and Ms. Barton engaged in an early case conference. They
23  filed a stipulated discovery plan in January, 2006, and agreed that US Bank would make available for
24  deposition its key witness, Dave Shelovsky, who was the security officer who allegedly handcuffed,
25  assaulted, battered, kidnapped and falsely imprisoned plaintiff. The deposition was scheduled for
26  February 22, 2006, at Mr. Gewerter's office. A sworn deposition did not go forward because the court

4

1  reporter didn't show up.  Nevertheless, Ms. Barton allowed Mr. Gewerter to interview Mr. Shelovsky
2  without limitation or objection for two hours.  Mr. Gewerter testified that he was able to ask all the
3  questions he wanted to ask, and that he found Shelovsky to be entirely credible.  Because the case would
4  amount to a credibility contest between plaintiff and Shelovsky, and because he found plaintiff -- who,
5  after all, was in custody accused of scheming to defraud US Bank out of $900,000 -- to be less than
6  credible, and because there was no evidence that would independently corroborate plaintiff's story, he
7  concluded that his client's case against US Bank was unsupportable.

8        On or about March 1, 2006, Mr. Gewerter informed Ms. Barton that in his judgment the case
9  should be dismissed.  Mr. Gewerter testified that he asked Ms. Barton to wait a couple of days before
10 preparing the release and the stipulation to dismiss so that Mr. Gewerter would have time to discuss the
11 matter with and obtain the approval of plaintiff.  Within the next few days Mr. Gewerter explained to
12 plaintiff the reasons why the case was unwinnable, and the tension between preserving his Fifth
13 Amendment privilege in the criminal case and successfully prosecuting his civil case.  Mr. Gewerter
14 recommended that plaintiff dismiss the civil case.  According to Mr. Gewerter, plaintiff agreed, and
15 acknowledged that he was dealing with much bigger issues in his criminal case.  He expressly and
16 unambiguously authorized Mr. Gewerter to dismiss the case.

17       As noted above, the Stipulation and Order for Dismissal with Prejudice (#12) was signed by Mr.
18 Gewerter and Ms. Barton and filed on March 10, 2006.  Mr. Gewerter testified that when plaintiff
19 received a copy of the dismissal papers a couple of days later, he called Mr. Gewerter and excoriated
20 him for dismissing the case.  Mr. Gewerter informed Ms. Barton that plaintiff was now falsely accusing
21 him of dismissing the case without plaintiff's permission.  Consequently, on March 14, 2006, Mr.
22 Gewerter filed a Notice of Withdrawal of Stipulation and Order of Dismissal with Prejudice and Motion
23 to Withdraw as Attorneys of Record for Plaintiff (#13).

24       **DISCUSSION**
25       *Fed.R.Civ.P. 41(a)(1)(ii)*
26       On March 14, 2006, Mr. Gewerter, at plaintiff's urging, filed a Notice of Withdrawal of

Stipulation and Order of Dismissal with Prejudice (#13). In the same filing he included a Motion to Withdraw as Attorneys of Record for Plaintiff, Jihad Anthony Zogheib. The Notice indicated that plaintiff had changed his mind about dismissing this case, and that inasmuch as the stipulation had not yet been approved by the court, it should be withdrawn. (Notice (#13) at 2–3).

US Bank contends that this case was dismissed with prejudice upon the filing of the stipulation on March 10, 2006. The court agrees. "[A]n action may be dismissed by the plaintiff *without order of court* ... by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed.R.Civ.P. 41(a)(1)(ii)(emphasis added); *see Eitel v. McCool*, 782 F.2d 1470, 1473 n. 4 (9th Cir. 1986)(a "notice dismissal" pursuant to Rule 41(a)(1)(ii) does not require an order of the court).

> The language of rule 41(a)(1) is unequivocal. It permits a plaintiff to dismiss an action "without order of court." ⋯ "Th[e] [filing of notice] itself closes the file. *There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play*. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. *There is not even a perfunctory order of court closing the file*. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing."

*American Soccer Co., Inc. v. Score First Enterprises,* 187 F.3d 1108, 1110 (9th Cir. 1999)(quoting *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993)(emphasis added)). Here, the stipulation for dismissal with prejudice was filed on March 10, 2006. On that date this case was closed.

*Fed.R.Civ.P. 60(b)*

The Honorable James C. Mahan, U.S. District Judge, granted the request to withdraw the stipulation to dismiss(#13) on March 20, 2006. US Bank objects because it was not given a chance to respond under LR 7-2(b). In the alternative, US Bank maintains that even if the court construed the Notice as a motion under Fed. R. Civ. P. 60(b), the attempt to vacate the stipulation should have failed.

Zogheib's claim that his attorney lacked the authority to dismiss this case does present a ground for relief under Rule 60(b). *See Surety Ins. Co. v. Williams*, 729 F.2d 581, 582 (8th Cir. 1984) (citations omitted). "While neither ignorance nor carelessness by a party or his attorney is a proper basis for Rule 60(b) relief . . . [u]pon a proper showing, even a consent judgment may be set aside under Rule 60(b)."

6

*Smith v. Widman Trucking &Excavating, Inc.*, 627 F.2d 792 (7th Cir. 1980).  In particular, a consent judgment shown to have been entered without the client's consent may be the subject of Rule 60(b) relief.  *Id.*; *cf. Harrop v. W. Airlines, Inc.*, 550 F.2d 1143 (9th Cir. 1977) (finding under California law and the ABA Code of Professional Responsibility that plaintiff-appellants may be entitled to Fed. R. Civ. P. 60(b) relief when their attorney entered into a settlement agreement without their express permission).

To vacate the dismissal under Rule 60(b), Zogheib carries a heavy burden to establish that his attorney acted without authority in agreeing to the stipulation to dismiss.  *See Surety Ins. Co.*, 729 F.2d at 583.  Therefore, Zogheib must establish through competent evidence that his attorney lacked actual, implied, or apparent authority to stipulate to a dismissal.  *Id.*  Zogheib must also show that his change of heart is not simply motivated by a case of buyer's remorse.  *See Smith*, 627 F.2d at 795.

Based on the testimony offered at the hearing on October 3, 2006, this court finds that plaintiff's claim that his attorney had no authority to dismiss this case lacks credibility.  The court also finds that Mr. Gewerter's account of the circumstances under which the stipulation to dismiss came to be filed is credible.  Plaintiff and Mr. Gewerter agree they had a discussion about the merits of the case.  They also agree that Mr. Gewerter told plaintiff he had no case and that it should be dismissed.  They disagree about *when* that discussion took place, and what plaintiff's *reaction* was to that discussion.  Mr. Gewerter says it took place before the dismissal was filed; plaintiff says it took place after the dismissal was filed.  Mr. Gewerter says plaintiff agreed with his assessment and authorized the dismissal; plaintiff says he did no such thing.

In assessing the relative credibility of plaintiff and Mr. Gewerter, the court notes that on at least two occasions during the hearing plaintiff said that could not have agreed to the dismissal because if he had done so he would not have given Mr. Gewerter the second $5,000 installment on the retainer.  The second installment, however, was made in November, 2005.  It was not until February, 2006, following the interview of Mr. Shelovsky, when Mr. Gewerter determined that the case should be dismissed.  Secondly, the court notes that plaintiff did not challenge Mr. Gewerter's testimony that the story

7

plaintiff told Mr. Gewerter in 2003 contradicted the story plaintiff told Mr. Gewerter in 2005. Thirdly, the court notes that a curious exchange between Mr. Gewerter and plaintiff at the hearing bears repeating: at the hearing Mr. Gewerter testified that he reminded plaintiff of the account he had given two years earlier, and warned plaintiff not to lie to him. Upon hearing that testimony, plaintiff offered the following rather curious response: "When I saw you in 2005, you didn't tell me not to lie to you; if you had, I wouldn't have hired you." The court therefore concludes that plaintiff has not met his heavy burden of proving that Mr. Gewerter was without authority to dismiss this case.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned U.S. Magistrate Judge that U.S. Bank National Association's Motion to Enforce Stipulation and Order for Dismissal with Prejudice (#15) should be granted. It is therefore further recommended that the Order (#14) granting plaintiff's request to withdraw the Stipulation of Dismissal with Prejudice should be rescinded.

DATED this 26th day of March, 2007.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**