# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JIHAD ANTHONY ZOGHEIB,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANCORP, a foreign banking corporation d/b/a U.S. BANK, et al.,<br><br>Defendants. | 2:05-CV-1354 JCM (LRL)<br><br>Date:   N/A<br>Time:   N/A |

## ORDER

Presently before the court is Magistrate Judge Leavitt's report and recommendation (#24). On April 6, 2007, plaintiff filed objections to the report and recommendation (#25). On April 19, 2007, defendant filed a response to plaintiff's objections (#26).

On March 26, 2007, Magistrate Judge Leavitt recommended that defendant's motion to enforce stipulation and order for dismissal with prejudice (#15) be granted. The court found that the case was dismissed when the stipulation was filed with the court on March 10, 2006, because dismissal under Fed. R. Civ. P. 41(a)(1)(ii) by a signed stipulation does not require a court order. Moreover, the court rejected plaintiff's argument that counsel had no authority to dismiss his case as a ground for relief under Fed. R. Civ. P. 60(b).

On April 6, 2007, plaintiff timely filed a document entitled "objections" (#25) wherein plaintiff did not object to any findings made in the report and recommendation. Rather, plaintiff argued that he had no access to a law library and, therefore, was unable to properly prepare his

**James C. Mahan**
**U.S. District Judge**

1  objections to the report and recommendation (#25).

2  On April 19, 2007, defendant filed a response to plaintiff's objections.  Defendant argues
3  that: (1) plaintiff's case was dismissed with prejudice on March 10, 2006; (2) plaintiff failed to meet
4  his burden to show that his counsel lacked authority to dismiss his case; and (3) more time is
5  unnecessary because plaintiff cannot change the sworn facts with legal research.

6  Filing of a stipulation and order for dismissal with prejudice dismisses a plaintiff's case
7  "without order of the court."  Fed. R. Civ. P. 41(a)(1)(ii); *Eitel v. McCool*, 782 F.2d 1470, 1473 (9th
8  Cir. 1986).  Plaintiff's case was dismissed on March 10, 2006, when the stipulation was filed with
9  the court.

10  Plaintiff failed to meet his burden to show that his counsel lacked authority to dismiss his
11  case.  To vacate dismissal under Fed. R. Civ. P. 60(b), plaintiff has the burden of proving that he
12  never authorized counsel to dismiss the case.  *See Surety Ins. Co. v. Williams*, 729 F.2d 581, 583 (8th
13  Cir. 1984).

14  Plaintiff and counsel agree that they had a discussion about the merits of the case wherein
15  counsel told plaintiff he had no case and that it should be dismissed.  They disagree about when that
16  discussion took place, and what plaintiff's reaction was to that discussion.  Counsel says it took place
17  before the dismissal was filed, while plaintiff says it took place after dismissal was filed.  Counsel
18  says plaintiff agreed with his assessment and authorized the dismissal; however, plaintiff claims he
19  did not agree.

20  Magistrate Judge Leavitt found that plaintiff lacks credibility.  First, during the hearing
21  plaintiff said that he could not have agreed to dismissal because if he had he would not have given
22  counsel a second $5,000 installment on his retainer.  However, the second installment was made in
23  November 2005, before counsel advised plaintiff to dismiss the case.  Second, plaintiff did not
24  challenge counsel's testimony that plaintiff had been inconsistent in recalling the facts of the case.
25  Third, upon hearing counsel's testimony at the hearing wherein counsel warned plaintiff not to lie,
26  plaintiff stated: "When I saw you in 2005, you didn't tell me not to lie to you; if you had, I wouldn't
27  have hired you."  Finally, plaintiff recently pleaded guilty to bank fraud, a crime of dishonesty.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Given, plaintiff's lack of credibility and the dearth of factual evidence to support his allegation, he
2  has failed to meet his burden.
3      More time to prepare objections is unnecessary because plaintiff cannot change the sworn
4  facts with legal research. Even with access to a law library, plaintiff cannot change the fact that the
5  case was dismissed on March 10, 2006, when the stipulation was filed with the court, nor will it
6  afford plaintiff the credibility and factual evidence necessary to support his Fed. R. Civ. P. 60(b)
7  claim.
8      Having reviewed plaintiff's objections and the magistrate judge's report and
9  recommendation,
10      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Leavitt's
11  report and recommendation (#24) be, and the same hereby is, ACCEPTED and AFFIRMED in its
12  entirety.
13      DATED this 31st day of May, 2007.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -